UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:20-CR-00055-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY JEROME JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion for Sentence Reduction Under Guideline Amendment 821 [Doc. 61]. The United States ("the Government") has responded, conceding Defendant is eligible for a reduction in sentence but deferring to the Court as to whether to reduce his sentence and by how much [Doc. 62, pg. 1]. This matter is now ripe for resolution. For the reasons stated below, Defendant's motion [Doc. 61] is **DENIED**.

**I.    BACKGROUND**

In April 2020, the Johnson City Police Department began investigating Defendant for distribution of crack cocaine [Doc. 46, ¶ 9]. After conducting two controlled buys, officers obtained and executed a search warrant at Defendant's residence [Doc. 46, ¶¶ 9–10]. They apprehended Defendant after he attempted to flee into the residence, and the ensuing search revealed, among other items, drugs, large amounts of cash, and firearms [Doc. 46, ¶¶ 10–11]. On September 1, 2021, Defendant pleaded guilty to one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) [Doc. 41, ¶ 1; Doc. 43].

The Presentence Investigation Report ("PSR") reported a 1995 conviction for second degree murder out of Shelby County, Tennessee [Doc. 46, ¶ 32]. It catalogued numerous

1

disciplinary infractions Defendant incurred while in custody of the Tennessee Department of Correction (TDOC) [Doc. 46, ¶ 32]. They included assault, fighting, participation in security threat group activities, possession of security threat group material, drug possession or sale, and positive drug screens [Doc. 46, ¶ 32]. Defendant was also convicted in 1999 for possession of drugs in a penal institution [Doc. 46, ¶ 33]. He would later report that he had begun using heroin while incarcerated and continued using it daily up until his arrest on the instant offense [Doc. 46, ¶ 53]. Nonetheless, although he acknowledged he had been a member of the Gangster Disciples while incarcerated, he reported that he participated in TDOC's security threat group program to renounce his gang affiliation [Doc. 46, ¶ 49].

TDOC released Defendant on parole in April 2016 [Doc. 46, ¶ 32]. On April 4, 2017, he was arrested on charges of domestic assault and vandalism [Doc. 46, ¶ 39]. Defendant's girlfriend reported he had hit her on her lip with a closed fist and broke two of her windows by throwing bricks through them [Doc. 46, ¶ 39]. Her sister stated that one of the bricks struck her and that Defendant threatened to kill her because she was trying to call the police [Doc. 46, ¶ 39]. He was again arrested for domestic assault on June 17, 2018 after allegedly striking his juvenile step-grandson and the juvenile's grandmother with an open hand during an argument [Doc. 46, ¶ 40]. These 2017 and 2018 charges were dismissed [Doc. 46, ¶¶ 39–40].

Based on his criminal history, the PSR assessed six criminal history points, then added two "status points" for committing the instant offense while under an existing criminal justice sentence [Doc. 46, ¶¶ 34–35]. Defendant's criminal history score of eight resulted in a criminal history category of IV, [*see* Doc. 46, ¶ 36], which combined with an offense level of 21 to produce a guideline range of 57 to 71 months [Doc. 46, ¶¶ 28, 59]. At sentencing, the Court adopted the PSR, calculated Defendant's guideline range to be 57 to 71 months, and sentenced him to 60

2

months' imprisonment [Doc. 55, pg. 2; Doc. 56, pg. 1].

Since arriving at the federal Bureau of Prisons ("BOP"), Defendant has not incurred any disciplinary infractions [*See* Doc. 62-1; Doc. 62, pg. 3]. However, he indicated "no interest" in the residential drug abuse treatment program ("RDAP"), and though he participated in the non-residential program, he failed out [Doc. 62-1, pg. 1; *see* Doc. 62, pg. 3]. He is enrolled in GED classes, but his inmate profile from the BOP indicates he is "non-promotable" [Doc. 62-1, pg. 1; *see* Doc. 62, pg. 3]. His projected release date is August 2, 2024 [*See* Doc. 62-1, pg. 1]; Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/.

Effective November 1, 2023, Amendment 821 reduced status points from two to one if the defendant received 7 or more points under U.S.S.G. § 4A1.1(a)–(d), and eliminated them otherwise. *See* U.S.S.G. § 4A1.1(e). This amendment applies retroactively. U.S.S.G. § 1B1.10(d). The present motion followed.

## II.   LEGAL STANDARD

A district court has "no inherent authority … to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). "A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). However, 18 U.S.C. § 3582(c)(2) provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Supreme Court has explained that § 3582(c)(2) requires a "two-step inquiry." *Dillon*

*v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court must "determine that a reduction is consistent with [U.S.S.G.] § 1B1.10." *Id.* A reduction is inconsistent with § 1B1.10 if none of the amendments made retroactive in the policy statement apply to the defendant or would "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). In determining what reduction, if any, is appropriate, the Court "determine[s] the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The Court must "leave all other guideline application decisions unaffected." *Id.* With limited exceptions, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). Nor may the "reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

At step two, the Court considers the applicable § 3553(a) factors to determine whether the authorized reduction is appropriate "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "[T]he decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010) (citing *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009)). But "proceedings under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3).

## III. ANALYSIS

The parties agree Defendant is eligible for a reduction in sentence under Amendment 821, Part A [*See* Doc. 61, pgs. 4–5; Doc. 62, pg. 1]. Because Defendant earned six criminal history points at sentencing before applying status points, [*see* Doc. 46, ¶¶ 34–35], he earns no status

4

points now.  *See* U.S.S.G. § 4A1.1(e).  His offense level remains at 21, [*see* Doc. 56], and his six criminal history points result in a reduced criminal history category of III, producing an amended guideline range of 46 to 57 months.  *See* U.S.S.G., Ch. 5, Pt. A, Sentencing Table.

Defendant requests the Court to reduce his sentence to time served [Doc. 61, pg. 5].  He notes his 60-month prison term was three months above the bottom of his guideline range at sentencing, [Doc. 61, pgs. 1–2], and a comparable sentence now would be 49 months [Doc. 61, pg. 5].  The 11-month reduction Defendant requests would exceed the time remaining before his anticipated August 2024 release date.  [*See* Doc. 62-1, pg. 1]; Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/.  The Government responds that the Court could decline to reduce Defendant's sentence because his post-sentence conduct has been mixed [Doc. 62, pg. 4].  Nonetheless, the Government defers to the Court's discretion [Doc. 62, pg. 4].

To Defendant's credit, he has not earned any disciplinary infractions while he has been in BOP custody [*See* Doc. 62, pg. 3; Doc. 62-1, pgs. 1–2].  He is enrolled in GED classes [Doc. 62-1, pg. 1; *see* Doc. 62, pg. 3].  The Government argues that despite Defendant's GED participation, the BOP has deemed him "non-promotable" [Doc. 62, pg. 3; *see* Doc. 62-1, pg. 1].  Defendant's participation in GED classes arguably shows effort to rehabilitate himself—a mark in his favor.

Nonetheless, various factors counsel against the time-served sentence Defendant seeks.  Defendant reported having begun using heroin while incarcerated on a previous conviction, and that he continued using heroin daily until his arrest on the instant offense [Doc. 46, ¶ 53].  Despite the Court's recommendation that Defendant participate in RDAP, [*see* Doc. 55, pg. 2], Defendant indicated to the BOP he was not interested [Doc. 62-1, pg. 1].  This, at a minimum, suggests that he is at a heightened risk of recidivism.  And, when he enrolled in the less intensive non-residential drug treatment program, he failed out [Doc. 62-1, pg. 1; *see* Doc. 62, pg. 3].  His unaddressed drug

5

problem presents a recidivism concern, confirmed by the BOP's assessment that he is at a high risk for recidivism [*See* Doc. 62-1, pg. 2].

Defendant's criminal history is also concerning. Defendant has a 1995 second-degree murder conviction from Shelby County, Tennessee [Doc. 46, ¶ 32]. Though that conviction is now almost twenty years old, he incurred numerous disciplinary infractions from 1995 to 2014 while incarcerated [Doc. 46, ¶ 32]. They included an assault in 1995; multiple fighting infractions through 2001; participation in security threat group activities in 2009; possession of security threat group material in 2011; and numerous instances of drug possession or sale and positive drug screens throughout [Doc. 46, ¶ 32]. He garnered a conviction for possession of drugs in a penal institution in 1999 [Doc. 46, ¶ 33; *see id.* ¶ 32]. Defendant previously asserted he had participated in TDOC's security threat group program to renounce his gang affiliation [Doc. 46, ¶ 49]. Nonetheless, his prior murder conviction and violent disciplinary infractions reveal a pattern which seemingly continued into 2017 and 2018 when Defendant was arrested on allegations of domestic assault [*See* Doc. 46, ¶¶ 32, 39–40]. This history suggests a need to protect the public from future crimes Defendant might commit, provide adequate deterrence, and promote respect for the law. The Court finds that on balance the § 3553(a) factors do not favor a sentence reduction.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Sentence Reduction [Doc. 61] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge